```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ITRIA VENTURES LLC,                      :

                    Plaintiff,           :    **AMENDED**
                                              **COMPLAINT**
         -against-                       :

                                         :    Case No. 16 CV 2909(AT)
KUSHMAAHI WINE & SPIRITS, LLC,
SONALI SANDIP PATEL and SANDIP A. PATEL, :

                    Defendants.          :
----------------------------------------X
```

Plaintiff Itria Ventures LLC, by its attorney, Edward Weissman, Esq., as and for its Amended Complaint against the defendants, sets forth as follows:

**THE PARTIES**

1. Plaintiff Itria Ventures LLC is, and at all material times hereinafter mentioned was, a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, is authorized to conduct business in the State of New York, and maintains its principal place of business in the State of New York, within the Southern District of New York.

2. Upon information and belief, defendant Kushmaahi Wine & Spirits LLC ("Kushmaahi") is, and at all material times hereinafter mentioned was, a limited liability company duly organized and existing under and by virtue of the laws of the State of Connecticut, maintains its principal place of business within the State of Connecticut, and each of the members of Kushmaahi, the individual co-defendants in this lawsuit, Sonali

Sandip Patel and Sandip A. Patel, reside in Trumbull, Connecticut which is in Fairfield County.

3. Upon information and belief, defendants Sonali Sandip Patel and Sandip A. Patel (the "Patels") are, and all material times hereinafter mentioned were, citizens of the State of Connecticut, and reside in Fairfield County.

### JURISDICTION AND VENUE

4. Jurisdiction is laid in the Southern District of New York because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The members of Kushmaahi, a limited liability company, each reside in the State of Connecticut, County of Fairfield.

5. Venue is laid in the Southern District of New York where the plaintiff resides, where a substantial portion of the acts and occurrences giving rise to the Claims for Relief occurred and per the express terms of the parties' agreements which designate this Court to adjudicate all disputes among the parties arising thereunder.

### FIRST CLAIM FOR RELIEF

6. On or about February 27, 2015, plaintiff and defendant Kushmaahi entered into a Future Receivables Sales Agreement (the "Agreement") pursuant to which, among other things, the sum of $125,000.00 was immediately advanced to defendant

Kushmaahi, to be repaid by defendant Kushmaahi to plaintiff in accordance with the terms thereof.

7. Plaintiff performed all obligations required of it under the Agreement.

8. Kushmaahi defaulted under the Agreement by failing to repay plaintiff in accordance with the terms of the Agreement, and has not responded to demands that it do so.

9. Plaintiff has declared the full amount under the Agreement to be due and owing to it by defendant Kushmaahi.

10. As a result, defendant Kushmaahi is now in default of its obligations to plaintiff under the Agreement, and is liable to the plaintiff in the principal sum of $84,337.16 with interest thereon accrued and accruing, plus all attorneys' fees and costs incurred by plaintiff in enforcing the terms of the Agreement.

11. By reason of the foregoing, plaintiff is entitled to a money judgment against defendant Kushmaahi in the principal sum of $84,337.16 with interest thereon accrued and accruing, plus attorneys' fees and costs in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

12. Plaintiff repeats, reiterates and reallege each and every allegation set forth in paragraphs 1 through 11 above, as if more fully set forth herein at length.

13. In order to induce plaintiff to enter into the Agreement with defendant Kushmaahi, defendants Patel each agreed to and did sign, execute and deliver to plaintiff their primary

and unconditional personal Guaranty running in favor of the plaintiff and by which each personally and unconditionally guaranteed all financial obligations of defendant Kushmaahi to the plaintiff under the Agreement.

14. In entering into the Agreement with defendant Kushmaahi, plaintiff relied upon the Guaranty executed, signed and delivered to it by defendants Patel.

15. By reason of the foregoing, plaintiff is entitled to a money judgment against defendants Patel, jointly and severally, in the principal sum of $84,337.16 with interest thereon accrued and accruing, plus all attorneys' fees and costs incurred by plaintiff in enforcing defendant Patels' obligations to plaintiff under their Guaranty.

WHEREFORE, plaintiff Itria Ventures LLC demands judgment against the defendants, as follows:

(a) On its First Claim for Relief, against defendant Kushmaahi, in the principal sum of $84,337.16 with interest thereon accrued and accruing, plus all attorneys' fees and costs incurred;

(b) On its Second Claim for Relief, against defendants Patel, jointly and severally, in the principal sum of $84,337.16 with interest thereon accrued and accruing, plus all attorneys' fees and costs incurred by it; together with such other further and different relief as to the Court may seem just and proper,

including the costs and disbursements of this action.

Dated: New York, New York
       May 16, 2016

By: _____
LAW OFFICES OF EDWARD WEISSMAN
Edward Weissman, Esq. (EW-1340)
Attorney for Plaintiff
Office and P.O. Address:
60 East 42nd Street, Ste. 557
New York, New York 10165
Tel.: (212) 937-1520

C:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\ITRIA VENTURES LLC\KUSHMAAHI, ET AL..(DISTRICT COURT)\ITRIA V KUSHMAAHI ET AL...AMENDED.COMPLAINT.DOC

5